IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., | Case No. 6:17-cv-00687-AA |
| Plaintiff, | **OPINION AND ORDER** |
| vs. | |
| NUVIA DE CARMEN GUTIERREZ and LAS CATALINAS d.b.a. LA BRISA, | |
| Defendants. | |

AIKEN, Judge:

In this action, plaintiff J & J Sports Productions, Inc., sued defendants Nuvia de Carmen Gutierrez and Las Catalinas, asserting theft of cable/satellite signal in violation of 47 U.S.C. § 553 and § 605, as well as trespass to chattels under state law. Plaintiff alleges that defendants broadcast "The Fight of the Century" between Floyd Mayweather, Jr. and Manny Pacquaio, a sporting event as to which plaintiff owned the exclusive nationwide commercial distribution rights, without paying the required licensing fee. Plaintiffs contend that the broadcast took place at La Brisa, a commercial establishment in Salem, Oregon, operated by defendants.

Defendants were served with notice of this action in May 2017, but they never filed an answer or otherwise entered an appearance. The clerk entered default on October 5, 2017. Plaintiff now moves for default judgment pursuant to Federal Rule of Civil Procedure 55(b).

Before addressing plaintiff's request for default judgment, I first must verify that defendants were properly served. Plaintiff filed a sworn proof of service for each defendant. "A signed return of service constitutes prima facie evidence of valid service which can be overcome only by strong and convincing evidence." *S.E.C. v. Internet Solutions for Bus. Inc.*, 509 F.3d 1161, 1166 (9th Cir. 2007) (internal quotation marks omitted). Gutierrez was served by substitute service to an adult co-occupant of 3908 Rockwood Park Dr. NE in Salem, Oregon. Counsel for plaintiff certified that location as Gutierrez's last known address. The process server made four separate attempts to serve Las Catalinas at 239 Stoneway Drive NW in Salem, Oregon. The record does not reveal why so many attempts were made to serve Las Catalinas at that address, which differs from the address listed on the Oregon Secretary of State's website[1] and is not otherwise identified as the business's last known address. But it does not matter, because Gutierrez is listed as the registered agent of Las Catalinas on the Oregon Secretary of State's website. When the four initial service attempts failed, service was made to the same adult co-occupant of 3908 Rockwood Park Drive NE in Salem, Oregon. Both defendants were also served by mail sent to 3908 Rockwood Park Drive NE in Salem, Oregon.

---

[1] I *sua sponte* take judicial notice of public records of the Oregon Secretary of State regarding Las Catalinas. *See* Fed. R. Evid. 201(b)(2) & (c)(1) (authorizing a federal court to "take judicial notice on its own" of "a fact that is not subject to reasonable dispute because it . . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"); *Smelt v. City of Orange*, 447 F.3d 673, 676 n.4 (9th Cir. 2006) (describing filings with the California Secretary of State as appropriate subjects of judicial notice). I note, pursuant to those records, that it appears Las Catalinas, LLC was administratively dissolved in April 7, 2016, after the incidents at issue in this action but before this action was filed.

I find the record here sufficient to establish that service met the requirements of Oregon law. *See* Or. R. Civ. P. 7D(2)(b) (defining "substituted service" as service "to any person 14 years of age or older residing in the dwelling house or usual place of abode of the person to be served," with a follow-up copy of the summons, complaint, and certificate of service sent "as soon as reasonably possible" to the same address); Or. R. Civ. P. 7D(3)(a)(i) (authorizing "substituted service" to individuals); Or. R. Civ. P. 7D(3)(c)(ii)(A) (authorizing "substituted service" on the registered agent of an LLC); Fed. R. Civ. P. 4(e)(1) (providing that service requirements for a federal case are met when the plaintiff "follow[s] state law for serving a summons").

Plaintiff is entitled to default judgment in its favor on its 47 U.S.C. § 605(a)[2] and trespass to chattels claims. In making this determination, I have considered "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). The seventh factor always weighs against a default judgment. I find that all other factors here weigh in favor of awarding a default judgment. In particular, I note that plaintiff submitted the sworn affidavit of an investigator who states that she went to La Brisa the night of the fight and saw it broadcast on four televisions. Plaintiff also provided a copy of a flyer from La Brisa Nightclub that advertises the fight and lists a $20 cover charge.

---

[2] Plaintiff states that, without discovery, it cannot be certain whether defendants' actions are properly categorized as theft of cable services or theft of satellite services; it has therefore elected not to seek summary judgment on the § 553 claim.

Page 3 – OPINION AND ORDER

Plaintiff seeks a total of $46,000 in damages: $10,000 in statutory damages under 47 U.S.C. § 605(e)(3)(C)(i)(II); $30,000 in enhanced statutory damages under 47 U.S.C. § 605(e)(3)(C)(ii); and $6,000, the amount defendants would have been required to pay to broadcast the fight lawfully, as damages for its trespass to chattels claim. Plaintiff also states that it plans to file a motion for attorney's fees and costs under 47 U.S.C. § 605(e)(3)(b)(iii).

"The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). Plaintiff seeks both compensatory and statutory damages. I find that plaintiff has adequately proved its $6,000 compensatory damages by submitting a sworn declaration that defendants would have to pay that amount as a licensing fee in order to broadcast the fight legally.

For each violation of § 605, plaintiff is entitled to statutory damages of $1,000 to $10,000, with the exact amount to be determined according to what the court "considers just." 47 U.S.C. § 605(e)(3)(C)(i)(II). In addition, the court has discretion to increase the damages award for each violation in an amount up to $100,000 when "a violation was committed willfully and for purposes of direct or indirect commercial advantage or financial gain." *Id.* § 605(e)(3)(C)(ii).

Because defendants advertised the fight and charged a $20 cover, I find that this violation was committed willfully and for purposes of direct financial gain. I also accept plaintiff's argument that a compensatory damages award does not sufficiently remedy its losses, because the availability of pirated content depresses the licensing fee plaintiff is able to charge. However, I find $46,000 to be an overvaluation of plaintiff's harm. Moreover, I see no evidence in the record suggesting that defendants repeatedly violated the law such that especially strong

deterrent measures are necessary. Having carefully reviewed the record presented, I will impose a statutory damages award of $3,000 and an enhanced damages award of $3,000, for a total of $12,000 in damages. I find that amount—double the licensing fee—to be a just valuation of plaintiff's harm. Moreover, I find that $12,000, when combined with plaintiff's reasonable fees and costs, is sufficient to deter violations of the law, at least in the absence of evidence defendants are repeat violators.

Plaintiff's motion for default judgment (doc. 12) is granted. Defendants are hereby ordered to pay plaintiff $12,000 in damages. Plaintiff's request to extend the time period to submit its motion for costs and fees by 14 days is granted. Plaintiff's fee motion is due 28 days after the date of this opinion and order.

IT IS SO ORDERED.

Dated this 8th day of January 2018.

_____
Ann Aiken
United States District Judge