IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION


J & J SPORTS PRODUCTIONS, INC.,                    Case No. 6:17-cv-00687-AA
                                                   **OPINION AND ORDER**
              Plaintiff,

       v.

NUVIA DE CARMEN GUTIERREZ and LAS
CATALINAS d.b.a LA BRISA,

              Defendants.

---

AIKEN, District Judge:

Plaintiff J & J Sports Productions, Inc. secured a default judgment against defendants Nuvia de Carmen Gutierrez and Las Catalinas for illegally broadcasting "The Fight of the Century" between Floyd Mayweather, Jr. and Manny Pacquiao. Plaintiff now seeks attorneys' fees (doc. 14) and costs (doc. 16). Plaintiff also filed a motion to alter or amend the judgment (doc. 17), requesting an increase in damages.

Governing statutory authority mandates that "the court . . . shall direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails." 47 U.S.C. § 605(e)(3)(B)(iii). Even though defendant has not appeared in this action and, therefore,

has not objected to plaintiff's requests, the Court has an independent duty to review a motion for attorneys' fees for reasonableness. *Gates v. Deukmejian*, 987 F.3d 1392, 1398 (9th Cir. 1992).

I. *Attorneys' Fees and Costs*

Counsel for plaintiff Bruce Orr has thirty-six years' experience and is a partner at a law firm in Portland, Oregon. He requests a rate of $350 per hour. In compliance with Local Rule 54-3, I compared this rate with typical billing rates in the Oregon State Bar's Economic Survey ("OSB Survey").[1] According to the OSB Survey, in 2016, practitioners in Portland with more than 30 years' experience billed, on average, $413 per hour. The 25th percentile rate was $300 per hour and 95th percentile was $610 per hour. In light of that report, plaintiff's request is reasonable. I also find the reported time spent on this litigation (8.3 hours) to be reasonable based on the relatively simple and procedural nature of this litigation. Accordingly, I award $2,905 in attorneys' fees.

Plaintiff requests $150 per hour for paralegal Antony Nickles, who has thirteen years' experience. This District has recently awarded paralegals with thirteen years' experience $121 per hour, and paralegals with seven years' experience $113 per hour. *See Pac. Coast Fruit Co. v. Ron Squires d.b.a. Four Seasons Farmers Mkt.*, 2016 WL 4443166, *3 (D. Or. Aug. 19, 2016) (reviewing national data on paralegal compensation and reducing a requested $175 hourly rate to $121 per hour, the national average for paralegals with between 11 and 15 years' experience); *Dupree v. Harrington*, 2015 WL 437942, *2 (D. Or. Feb. 3, 2015) (reducing requested hourly rate to national average). Plaintiff has not explained why Mr. Nickles should be paid a rate that exceeds the average rate for his experience level. Adjusting a small amount for inflation, I conclude $125 per hour is appropriate. Upon examination of the record, I find the 14.4 hours

---

[1] The Oregon State Bar 2017 Economic Survey Report of Findings is available at https://www.osbar.org/_docs/resources/Econsurveys/17EconomicSurvey.pdf.

spent on this litigation by the paralegal to be reasonable because of the amount of filing and case management with respect to the service and investigation done in this case. As such, plaintiff is awarded $1,800 for paralegal fees.

All costs are reasonable as they are results of the underlying litigation. Of note, plaintiff submits "other" costs that include $610 for investigation fees and $31.68 for record searches for service. Plaintiff represents that because the investigation discovered defendant's violation, it should recoup those costs. I agree. Accordingly, I award $1,176.68 in costs.

II.    *Motion to Alter or Amend Judgment*

Plaintiff also filed a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e), which states that a "motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. Pro. 59(e). The motion is timely as judgment was filed on January 9, 2018 and plaintiff filed this motion on February 6, 2018, exactly 28 days later. Generally, the court "has considerable discretion when considering a motion to amend a judgment[.]" *Turner v. Burlington N. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003). "[A]mending a judgment after its entry remains an extraordinary remedy which should be used sparingly." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (internal quotation marks omitted). Such a motion may be granted under four circumstances:

> (1) if such motion is necessary to correct manifest errors or law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law.

*Id.*[2] Plaintiff avers that I committed clear error by not explicitly considering general deterrence when I imposed damages.

In my previous Opinion and Order, I awarded $6,000 in compensatory damages on plaintiff's trespass to chattels claim because defendants would have had to pay a $6,000 licensing fee to legally broadcast the fight. *J & J Sports Prods., Inc. v. Gutierrez*, 2018 WL 344971, *2 (D. Or. Jan. 8, 2018). I also carefully considered the statutorily prescribed damages for theft of cable services.[3] Holding that defendants willingly violated the statute for financial gain, I imposed $3,000 in statutory damages and $3,000 in enhanced damages. That brought the total amount of damages to $12,000, double the licensing fee. I also noted that there was no evidence to suggest that defendants were repeat violators, and having to pay double the licensing fee should sufficiently deter future violations.

I see no reason to depart from my previous judgment. District courts across the country are entering damages judgments of lesser value for violations of the same statute. *See J & J Sports Prods., Inc. v. Shaba*, 2018 WL 329904, *2 (E.D. Mich. Jan. 9, 2018) (awarding damages double the licensing fee); *J & J Sports Prods., Inc. v Sutton*, 2018 WL 297597, *3-4 (W.D. Ky. Jan. 4, 2018) (awarding $8,000 in damages including the $6,000 licensing fee); *J & J Sports Prods., Inc. v. Rio Bravo, LLC*, 2017 WL 6722810, *3-4 (D. Md. Dec. 27, 2017) (awarding $8,000 in statutory and enhanced damages). When comparing the value of damages I imposed to

---

[2] District courts may also allow amendments to a judgment for the "purely clerical task of incorporating undisputed facts into the judgment." *Id.* at 1111.

[3] *See id.* ("For each violation of § 605, plaintiff is entitled to statutory damages of $1,000 to $10,000, with the exact amount to be determined according to what the court 'considers just.' 47 U.S.C. § 605(e)(3)(C)(i)(II). In addition, the court has discretion to increase the damages award for each violation in an amount of up to $100,000 when 'a violation was committed willfully and for purposes of direct or indirect commercial advantage or financial gain.' *Id.* § 605(e)(3)(C)(ii)."

the value of damages awarded from other courts, I find that the amount is of a level sufficient to deter future offenders from illegally broadcasting copyrighted material. Plainly, that award should encourage all possible offenders to pay the original licensing fee rather than paying twice that amount as a legal penalty. I also note that because the statute mandates attorneys' fees for the prevailing party, defendants are, for all practical purposes, liable for almost triple the original licensing fee. The goal of general deterrence is aided by the fact that a prevailing party is statutorily entitled to attorneys' fee *in addition to* damages. By awarding $12,000, I am even following plaintiff's request for "a low five-figure judgment." Pl.'s Mot. Alter or Amend J 6 (citing *Kingvision Pay-Per-View Ltd. v. Lake Alice Bar*, 168 F.3d 347, 350 (9th Cir. 1999). The discretion of the court to award statutory and enhanced damages is not an opportunity to create a windfall for one party, but to sufficiently deter illegal action and make the injured party whole.

Plaintiff's motion to alter or amend the judgement (doc. 17) is DENIED, the request for costs (doc. 16) is GRANTED, the motion for attorneys' fees (doc. 14) is GRANTED subject to the reduction in the paralegal billing rate explained above. Plaintiff is awarded $1,176.68 in costs and $4,705 in attorneys' fees.

IT IS SO ORDERED.

Dated this _3_ day of April 2018.

_____
Ann Aiken
United States District Judge